Filed 10/3/13  P. v. Katello CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| THE PEOPLE, | C073578 |
| Plaintiff and Respondent, | (Super. Ct. No. S12CRF0171) |
| v. | |
| ANTHONY JAMES KATELLO, | |
| Defendant and Appellant. | |

In July 2012, defendant Anthony James Katello willfully and unlawfully inflicted corporal injury resulting in a traumatic condition upon V.B., his cohabitant, within seven years of a previous conviction of infliction of corporal injury.[1]  Defendant also committed acts constituting false imprisonment.

---

[1]  Because the matter was resolved by plea, defense counsel stipulated to a factual basis not recited on the record, and referral to the probation department was waived, our statement of facts as to count two is taken from the amended complaint later deemed to be an information.  Count five was added by oral motion and the facts do not appear in the record.

1

Defendant pleaded no contest to infliction of corporal injury to a cohabitant (Pen. Code, § 273.5, subd. (e)(1); count two) and false imprisonment (Pen. Code, § 236; count five). In exchange, three related counts were dismissed with a *Harvey* waiver. (*People v. Harvey* (1979) 25 Cal.3d 754.) Defendant was to be sentenced to prison for three years eight months.

Defendant requested release to the custody of a law enforcement chaplain for an hour or less to obtain some personal belongings. He agreed that, should he fail to return for sentencing, he would be sentenced to five years eight months. (See *People v. Cruz* (1988) 44 Cal.3d 1247, 1254, fn. 5.)

Defendant did not appear for sentencing as ordered. He was sentenced to prison for five years eight months, awarded 151 days' custody credit and 151 days' conduct credit, and ordered to pay a $480 restitution fine (Pen. Code, § 1202.4), a $480 restitution fine suspended unless parole is revoked (Pen. Code, § 1202.45), an $80 court operations fee (Pen. Code, § 1465.8, subd. (a)(1)), and a $60 court facilities assessment (Gov. Code, § 70373). Defendant obtained a certificate of probable cause.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

Our review of the record shows that defendant was in presentence custody from July 14, 2012, until his release on October 4, 2012, a period of 83 days; and from his arrest on November 28, 2012, until sentencing on February 4, 2013, a period of 69 days. Thus, defendant is entitled to 152 days' custody credit and 152 days' conduct credit. We modify the judgment accordingly.

Our review also discloses a minor error on the abstract of judgment. The count two offense is identified as "Use weapon during felony." However, weapon use is not an element of the Penal Code section 273.5, subdivision (e)(1), offense, and defendant did not admit a weapon use allegation. The offense should be identified, by suitable notation, as infliction of corporal injury upon a cohabitant.

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is modified to award defendant 152 days' custody credit and 152 days' conduct credit. As so modified, the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment, corrected to properly identify the count two offense, and to forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.


      HULL      , J.


We concur:


      RAYE      , P. J.


      BLEASE      , J.

3